McGREGOR W. SCOTT
United States Attorney
MICHAEL G. TIERNEY
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:18-PO-00093-JLT |
|---|---|
| Plaintiff, | MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| RYAN DOWE, | |
| Defendant. | Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Michael G. Tierney, has agreed with the defendant, Ryan Dowe, and his attorney, Assistant Federal Defender Matthew Lemke, as set forth below.

This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. **Charges**

The defendant acknowledges that he has been charged in a one-count citation, Number F4860504, as follows:

Casing and Failing to Maintain Control of a Fire, in violation of 36 C.F.R. § 261.5(e)

2. **Agreements by the Defendant**

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to the sole count charged in the citation.

(c) The defendant agrees to postpone sentencing in this matter until a date convenient to the Court and parties within 30 days of August 9, 2020. The period from the date the defendant enters a plea of guilty until the date of sentencing shall be known as the "diversionary period."

(d) The defendant understands and agrees that he will not be allowed to withdraw his plea absent a stipulation from the government permitting such withdrawal at the conclusion of the diversionary period.

(e) The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(f) The defendant further acknowledges that: (i) his plea of guilty is voluntary; (ii) no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty; and (iii) there have been no representations or promises from anyone as to whether the Court will permit the defendant to withdraw his plea at the time of sentencing, or what sentence

the Court will impose.

  (g) During the diversionary period, the defendant agrees that he: (1) pay restitution in the amount of $7,000 to the United States Forest Service as restitution for firefighting efforts; (2) provide proof of such payment to his attorney and the United States Attorney's Office for the Eastern District of California; (3) report any contact with law enforcement to his attorney and the United States Attorney's Office for the Eastern District of California within 48 hours; (4) report any change of address to his attorney and the United States Attorney's Office for the Eastern District of California within 7 days; (5) may only enter or be present within the National Forest System, as defined by 36 C.F.R. Section 261.2, to access and use the Lowell Hollow mining claim (BLM serial # CAMC 0319886); and (5) commit no federal, state and local crimes.

  (h) The defendant agrees that compliance with the above terms set forth in paragraph (2)(g) is to be determined at the sole discretion of the United States Attorney's Office for the Eastern District of California.

  (i) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

  (j) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3. <u>Agreements by the Government</u>

  (a) The government agrees to recommend that the Court set this matter for a sentencing hearing within 30 days of August 9, 2020, in order to permit the defendant to perform the conditions set forth in paragraph (2)(g) above.

  (b) If, as determined at the sole discretion of the United States Attorney's Office for the Eastern District of California, the defendant fully complies with the terms set forth in

paragraph (2)(f) above, the government agrees to: (i) stipulate to the withdrawal of the defendant's guilty plea; and (ii) move for dismissal of the citation, at the time of sentencing.

4. <u>Nature, Elements and Possible Defenses</u>

The defendant has read the charges against him contained in the citation, and those charges have been fully explained to his by his attorney. Further, the defendant fully understands the nature and elements of the crime in the citation to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

The elements of the crime of Causing and Failing to Maintain a Fire, as alleged in the citation, are as follows:

| | |
|---|---|
| First, | the defendant was in the Inyo National Forest, in land administered by the United States Forest Service and within the National Forest System; |
| Second, | the defendant caused and failed to maintain a fire; |
| Third, | The fire was not a prescribed fire; and |
| Fourth, | The fire damanged the National Forest System. |

5. <u>Factual Basis</u>

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in the citation, because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

> On or about October 29, 2017, the defendant set a campfire within a campfire ring while camping near George's Creek, in the Inyo National Forest in land administered by the United States Forest Service and within the National Forest System as defined by 36 C.F.R. Section 261.2. The defendant thereafter went to sleep believing that the fire was extinguished, but it was not. The fire escaped the campire ring and damaged the National Forest System. All in violation of Title 36 of the Code of Federal Regulations, Section 261.5(e).

6. <u>Potential Sentence</u>

The following is the maximum potential sentence which the defendant faces:

COUNT ONE: [Causing and Failing to Maintain a Fire, in violation of Title 36, Code of Federal Regulations, Part 261.5(e)]:

    (a)    Imprisonment.

            Maximum: Six (6) months.

  (b) Fine.

    Maximum: Five Thousand Dollars ($5,000).

  (c) Both such fine and imprisonment.

  (d) Penalty Assessment.

    Mandatory: Twenty-five dollars ($25.00).

7. **Waiver of Rights**

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, the government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge agains the defendant beyond a reasonable doubt. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

//

8. <u>Questions by Court</u>

The defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. <u>Court not a Party</u>

(a)   It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing judge, pursuant to Rule of Criminal Procedure 11(d)(2)(B), may decline to permit defendant to withdraw his guilty plea at the time of sentencing, and is free to impose the maximum penalties as set forth in paragraph 6 even if defendant satisfies all of the terms and conditions of this agreement. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

McGREGOR W. SCOTT
United States Attorney

Dated: 11/26/19   By: _____
Michael Tierney
Assistant U.S. Attorney

Dated: 11/21/2019   By: _____
Ryan Dowe
Defendant

Dated: 11-25-2019   By: _____
Matthew Lemke
Assistant Federal Defender
Attorney for Defendant

ORDER

Diversion is not available for the relevant violation of the Code of Federal Regulations. U.S. v. Cervantes, 2008 W.L. 2693185 (E.D.CA. July 1, 2008). Thus, the plea agreement is DENIED.
IT IS SO ORDERED.
Dated: December 2, 2019

_____
JENNIFER L. THURSTON
U.S. MAGISTRATE JUDGE